IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHRISTOPHER BOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:20-CV-287 (MTT) |
| ) | |
| WARDEN BRENWER, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

United States Magistrate Judge Thomas Q. Langstaff recommended dismissing Plaintiff Christopher Boyd's deliberate indifference claims for failure to exhaust administrative remedies.[1]  Doc. 29.  The Magistrate Judge found that Boyd submitted an untimely grievance and failed to provide an explanation that satisfied the good cause standard for untimely grievances.  *Id*. at 4.  However, the Court remanded the Recommendation because the defendants' motion to dismiss (Doc. 21) and the Recommendation (Doc. 29) failed to address Boyd's offered explanations for his untimeliness.  Docs. 27; 28; 33.  On June 10, 2021, the Magistrate Judge submitted a Supplemental Report and Recommendation, in which he reminded the Court:

> While [Boyd] has provided the Court with explanations for his untimely grievance, he did not present these explanations in either his initial grievance or his grievance appeal in an attempt to receive a good cause waiver through the grievance procedure.  As [Boyd] did not seek or receive such a waiver through the grievance procedure, the Court cannot excuse his failure to file the grievance on time.

---

[1] The Magistrate Judge also denied Boyd's motion to amend (Doc. 25) for the same reason.  Doc. 29 at 5-6.

Doc. 34 (citing *Williams v. Barrow*, 559 F. App'x 979, 988 n.8 (11th Cir. 2014)).  The Magistrate Judge again recommended granting the defendants' motion to dismiss.  *Id*.  Boyd has not objected to either Recommendation, so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews the Recommendation (Doc. 34) for clear error.

Boyd alleges that another inmate of Baldwin State Prison attacked him.  Docs. 7; 9.  Boyd further alleges that Defendants Warden Brenwer, Captain Stanford, and Lieutenant Boo may have known that Boyd's attacker assaulted another inmate weeks before attacking him.  Docs. 7; 9.  Boyd also alleges that the defendants knew that the emergency button in Boyd's cell did not work correctly.  Docs. 7; 9.

According to the Georgia Department of Corrections ("GDC") Statewide Grievance Procedure, except for good cause, grievances must be filed within ten calendar days of the offender's knowledge of the facts giving rise to the grievance.  Doc. 21-3 at 8.  Further, upon entering the GDC, each offender receives an oral explanation of the grievance procedure.  Docs. 21-2 ¶ 6; 21-3 at 3.  The underlying incident occurred on February 22, 2020, but Boyd did not file a grievance until March 31.  Docs. 21-2 ¶ 24; 21-7.  Moreover, there is no evidence of Boyd requesting or receiving a good cause waiver for his untimely grievance.  Thus, the Grievance Coordinator denied Boyd's grievance because it was "filed out of time frame outlined in [the] policy."[2]  Docs. 21-2 ¶ 24; 21-7.

Boyd explained that he was admitted to the Macon Trauma Center for surgery on February 22, 2020 and was discharged on February 27.  Doc. 27.  After returning to Baldwin State Prison, Boyd says that he was placed in the medical unit for "two more

---

[2] Boyd appealed the denial on May 20, 2020, but his appeal was denied for failure to comply with the grievance policy.  Docs. 21-2 ¶ 24; 21-7.

days."  *Id*.  On March 2, Boyd was transferred to Hays State Prison and placed in "Tier 1" segregation for twenty-six days.  *Id*.  Boyd argues that no one told him he was required to request an extension of time to file a grievance.  *Id*.

First, the Court notes Boyd's contention that he asked for a grievance form, but it was not provided until March 31, 2020.  Doc. 28.  However, to the extent that Boyd attempts to establish a denial of access to administrative remedies, that attempt fails.  The record provides that on March 24, 2020, Boyd filed a grievance requesting to be moved to a different dorm because of his age and the presence of mold.  Docs. 21-2 ¶ 23; 21-4; 21-6.  Thus, any assertions that Boyd was denied access are without merit.

More importantly, the Eleventh Circuit has held that compliance with the GDC's grievance policy includes offenders requesting an out-of-time waiver for untimely grievances; failure to do so requires the dismissal of the offender's claims.  *See Bryant v. Rich*, 530 F.3d 1368, 1378-79 (11th Cir. 2008) (affirming the dismissal of the offender's claims because he did not seek a good cause waiver); *Johnson v. Meadows*, 418 F.3d 1152, 1158-59 (11th Cir. 2005) (holding that the offender's untimely grievance and failure to request leave to file an untimely grievance "[did] not comport with the intent of Congress that prison officials have an opportunity to address the grievance internally and rule on the grievance before the inmate files a complaint in federal court"); *Williams*, 559 F. App'x at 986 n.8 (refusing to excuse the offender's health issues as a reason for his failure to file a timely grievance or request or receive a good cause waiver).  As noted above, Boyd filed his grievance well after the ten-day deadline, and there is no evidence in the record that Boyd requested a good cause waiver for his untimely grievance.  Therefore, after review, the Court accepts and adopts the findings,

conclusions, and recommendations of the Magistrate Judge.  The Recommendation (Doc. 34) is **ADOPTED** and made the Order of the Court.

Accordingly, the defendants' motion to dismiss (Doc. 21) is **GRANTED**, and Boyd's claims are **DISMISSED** without prejudice.

**SO ORDERED**, this 3rd day of August, 2021.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT