IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHRISTOPHER BOYD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:20-CV-287 (MTT) |
| | ) |
| WARDEN BRENWER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Christopher Boyd moves for reconsideration of the Court's Order adopting United States Magistrate Judge Thomas Q. Langstaff's Supplemental Recommendation, which recommended Boyd's deliberate indifference claims be dismissed for failure to exhaust administrative remedies. Docs. 34; 36. For the reasons discussed below, that motion (Doc. 38) is **DENIED**.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga., L.R. 7.6 (emphasis added). Indeed, "[r]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate [his]

prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Here, Boyd has raised no change in the law, newly discovered evidence, or clear error in the Court's previous order. Instead, Boyd argues that he falls under the good cause exception concerning his untimely grievance. Doc. 38. Boyd also asserts that the defendants and Magistrate Judge failed to respond to Boyd's reasons for his late grievance. *Id*. Finally, Boyd contends that the Magistrate Judge did not read or answer Boyd's reply before recommending that Boyd's claims be dismissed. *Id*.

Boyd's arguments are without merit, and the Court's adoption of the Magistrate Judge's Supplemental Recommendation addresses each of Boyd's unfounded assertions.

> [T]he Eleventh Circuit has held that compliance with the GDC's grievance policy includes offenders requesting an out-of-time waiver for untimely grievances; failure to do so requires the dismissal of the offender's claims. *See Bryant v. Rich*, 530 F.3d 1368, 1378-79 (11th Cir. 2008) (affirming the dismissal of the offender's claims because he did not seek a good cause waiver); *Johnson v. Meadows*, 418 F.3d 1152, 1158-59 (11th Cir. 2005) (holding that the offender's untimely grievance and failure to request leave to file an untimely grievance "[did] not comport with the intent of Congress that prison officials have an opportunity to address the grievance internally and rule on the grievance before the inmate files a complaint in federal court"); [*Williams v. Barrow*, 559 F. App'x 979, 986 n.8 (11th Cir. 2014) (refusing to excuse the offender's health issues as a reason for his failure to file a timely grievance or request or receive a good cause waiver)]. … Boyd filed his grievance well after the ten-day deadline, and there is no evidence in the record that Boyd requested a good cause waiver for his untimely grievance.

Doc. 36 at 3.

In his one-page motion, Boyd, again, failed to produce evidence that he requested a good cause waiver for his untimely grievance. Accordingly, Boyd's motion for reconsideration (Doc. 38) is **DENIED**.

**SO ORDERED**, this 27th day of August, 2021.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT