# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **CHRISTOPHER BOYD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:20-cv-287 (MTT) |
| | ) |
| **Warden BRENWER,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Plaintiff Christopher Boyd has moved for leave to appeal *in forma pauperis* ("IFP").[1]  Doc. 44.  Boyd seeks to appeal the Court's order adopting the Magistrate Judge's Report and Recommendation and dismissing his complaint.  Doc. 36.  Applications to appeal in forma pauperis are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24.

> 28 U.S.C. § 1915 provides:
>
> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

---

[1] Boyd's motion was initially denied as moot because his appeal had already been dismissed before his motion was received.  Docs. 45, 43.  Because Boyd's appeal was reinstated, the Court will review his motion for leave to appeal IFP again.  Doc. 46.

Similarly, Fed. R. App. P. 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
> (A) shows . . . the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.
> (2) If the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with an application to proceed in forma pauperis. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Boyd's application in this case indicates that he is unable to pay the $505 appellate filing fee.

Next, the Court must determine if the plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id*.; *Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

As an initial matter, Boyd failed to object to either the Magistrate Judge's initial Report and Recommendation regarding the defendants' motion to dismiss or the supplemental Report and Recommendation addressing Boyd's exhaustion arguments. Docs. 29; 34.  Eleventh Circuit Rule 3-1 provides:

> [a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.

11th Cir. R. 3-1.  Boyd gives no reason for this failure in his motion for leave to appeal *in forma pauperis*.  Doc. 44.  Therefore, Boyd is not entitled to appeal.  Nonetheless, out of an abundance of caution, the Court will review the issues raised in Boyd's IFP motion.

Generally, Boyd's complaints are procedural rather than substantive.  First, Boyd argues that the Magistrate Judge did not address his arguments regarding the exhaustion of his administrative remedies.  Doc. 44 at 1.  However, the Magistrate Judge specifically reviewed Boyd's exhaustion arguments in a supplemental Report and Recommendation, per the Court's instruction.  Docs. 33; 34.  The Magistrate Judge found that Boyd had not raised his excuses for failing to file a grievance in either his initial untimely grievance or during his grievance appeal to seek a good cause waiver. Doc. 34 at 1-2.  As the Court explained in its order adopting the supplemental Report and Recommendation, "compliance with the GDC's grievance policy includes offenders requesting an out-of-time waiver for untimely grievances; failure to do so requires the dismissal of the offender's claims."  Doc. 36 at 3; *see also Bryant v. Rich*, 530 F.3d 1368, 1378-79 (11th Cir. 2008); *Johnson v. Meadows*, 418 F.3d 1152, 1158-59 (11th Cir. 2005); *Williams v. Barrow*, 559 F.App'x 979, 988 n.8 (11th Cir. 2014).  Accordingly,

Boyd's argument that the Magistrate Judge failed to address his excuses is not in good faith, as it is without arguable merit.

Second, Boyd points to a Supreme Court case holding that prisoners do not need to show that they have exhausted all grievance procedures in their complaint. Doc. 44 at 1; *Jones v. Bock,* 549 U.S. 199 (2009). This does not mean that unexhausted claims are not subject to dismissal. As the Magistrate Judge noted in the supplemental Report and Recommendation, the record shows that Boyd's claims were not exhausted through the administrative procedure. Doc. 34 at 1-2.

Third, Boyd argues that when a prisoner brings a case with both exhausted and unexhausted claims, "the Court must let the exhausted claim move forward without dismissing the entire suit." Doc. 44 at 1-2. However, Boyd does not identify any claim that is not implicated by his failure to exhaust administrative remedies. In its review, the Court failed to find an exhausted claim in Boyd's initial complaint or his amendment to his complaint. This argument is also meritless.

Finally, Boyd, citing *Turner v. Burnside,* contends that the Court is required to accept his version of the facts—and therefore his claim that he did fully exhaust his administrative remedies—as true. Doc. 44 at 2; 541 F.3d 1077, 1082 (11th Cir. 2008). However, *Turner* provides a two-part test, and Boyd has only referenced step one. "If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* At the second step, "[t]he defendants bear the burden of proving the plaintiff has failed to exhaust his available administrative remedies." *Id.* Here, the Magistrate Judge referred to the defendants'

-5-

exhibits which show Boyd's administrative remedies were not exhausted.  Doc. 34 at 1-2.  This was proper under *Turner.*

Boyd's arguments do not meet the good faith requirement to appeal IFP. Accordingly, Boyd's motion for leave to appeal *in forma pauperis* (Doc. 44) is **DENIED**.

**SO ORDERED**, this 8th day of April, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
